UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 12-0236-CAS | Date | October 16, 2012 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Not Present | Mark Aveis, Not Present<br>Noel Neeman, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jesus Sanchez-Galindo | Not | x | | Stephen Demik, DFPD<br>Christopher Dybwad, DFPD | NOT<br>NOT | | X<br>X |

**Proceedings:** **(IN CHAMBERS): DEFENDANT'S MOTION FOR VIDEO DEPOSITIONS PURSUANT TO FED. R. CRIM. P. 15** (filed October 15, 2012)

## I. INTRODUCTION & BACKGROUND

Defendant Jesus Sanchez-Galindo is charged in a three-count indictment with violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) (possession with intent to distribute marijuana), 952(a), 960(a)(1), (b)(1)(G) (importation of marijuana), and 963 (conspiracy to import marijuana).

On October 15, 2012, defendant filed a motion requesting that this Court authorize and order the videotaped depositions of Josue Modesto Sanchez-Ramirez, Dahlia Guadalupe Ramirez-Jimenez, and Abdul Chacon Ramirez. Dkt. No. 118. Defendant contends that all of these witnesses reside in Mexico and are unable to travel to the United States to testify in person at trial. Defendant also submitted an in camera proffer as to the expected testimony of these witnesses and set forth defendant's argument as to why the depositions will be relevant and admissible at trial. Dkt. No. 117.[1]

---

[1] The Court GRANTS defendant's request to file the documents pertaining to the testimony of the proposed witnesses in camera .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CRIMINAL MINUTES - GENERAL**

The Court previously found that defendant bore the burden of proving duress for all three counts in the indictment by a preponderance of the evidence. Dkt. No. 103. As part of this affirmative defense, defendant seeks to present the deposition testimony of the three witnesses noted above to: (1) provide background on the defendant's daily activities in Mexico; (2) rehabilitate defendant's character for truthfulness in the event that defendant's character is impugned by the government at trial.

II.   **ANALYSIS**

   A.   **Video Deposition Testimony**

      1.   **Rule 15 Requirements**

A court may order a video deposition to be taken pursuant to Federal Rule of Criminal Procedure 15, whereby a prospective witness may be deposed "because of exceptional circumstances and in the interest of justice." A party seeking to take such a deposition must provide file "a written motion and give[] reasonable notice to the parties." Fed. R. Crim. P. 15(b)(1). Such notice must provide "the name and address of each deponent." Id. Moreover, the defendant must be present at the deposition unless the defendant "waives in writing the right to be present." Fed. R. Crim. P. 15(c)(1)(A).[2]

The Ninth Circuit focuses on four factors for determining whether "exceptional circumstances" and the "interest of justice" requirements of Rule 15 are met. See United States v. Zuno-Arce, 44 F.3d 1420, 1424 (9th Cir. 1995); United States v. Trumpower, 546 F. Supp. 2d 849, 853 (E.D. Cal. 2008). First, the prospective witnesses must be unavailable to testify at trial. Second, the movant must have made a good faith effort to obtain the witnesses' presence at trial. Third, the movant must demonstrate that the expected testimony will be favorable. Fourth, the deponents must be available for deposition and willing to testify. The movant's burden of demonstrating the need to take such depositions is heightened when the motion is made "so close to trial." Zuno-Arce, 44 F.3d at 1425 (three weeks before trial). Ultimately, the decision to grant defendant's Rule 15 motion involves a discretionary weighing of the relevant factors to determine if such relief is warranted because of exceptional circumstances and the interests of justice.

---

[2] Defendant cites to the amended Rule 15(c) in his motion, which does not go into effect until December 1, 2012, absent contrary Congressional action. Therefore, the Court applies the version of the Rule currently in effect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

First, the government argues that defendant has not made a sufficient showing of unavailability. The government contends that although defendant has repeatedly claimed that the government refused to "parole" the potential witnesses into the United States, defendant nowhere describes any other efforts defense counsel undertook to obtain the witnesses attendance, including applying for a visa. Any "unavailability" at this point, therefore, remains speculative in the government's view. Moreover, defendant's delaying until the last week before trial to raise this issue with the government also goes to the second factor, defendant's good faith in attempting to obtain the witnesses' presence at trial. Defendant, in the government's view, has not offered sufficient evidence of his attempts to obtain the presence of the desired witnesses at trial.

The government also raises a host of other issues that are best described as procedural or logistical, including: the lack of reasonable written notice to all parties, including co-defendants; the possibility that the Mexican government would refuse to allow the depositions to take place; the availability of a court reporter; and a procedure for conducting the depositions, handling objections, and producing a final transcript during trial. While these additional reasons are not addressed in the rule per se, and are secondary to defendant's Sixth Amendment right's, these are nonetheless further difficulties facing the Court.

  **2.**  **Admissibility of Evidence at Trial**

Even putting to one side the above-mentioned deficiencies, much of the proffered testimony may be inadmissable at trial under the Federal Rules of Evidence. As such, the evidence could not possibly be "favorable" to defendant, as no such evidence would be admitted.

Defendant argues that the proffered deposition testimony should be admitted under two distinct theories. First, defendant argues that because the government will attack defendant's credibility on cross-examination, evidence regarding defendant's character for truthfulness will be properly admissible under Rule 608(a). The decision whether to admit evidence of character for truthfulness is left to the sound discretion of the trial court. Weinstein, § 608.13. Under Rule 608(a), defendant should be allowed to present witnesses who testify as to defendant's character for truthfulness if his character for truthfulness is attacked by the government at trial. The government is likely to attack defendant's credibility at trial, because defendant's credibility is central to his affirmative defense, and therefore this testimony would likely be admissible.

Second, Rule 608(b) excludes extrinsic evidence when offered to prove the character for truthfulness of a witness, including the defendant; character for truthfulness may only be proven

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       O

**CRIMINAL MINUTES - GENERAL**

through testimony regarding the witness's reputation or an opinion about such character. However, Rule 608(b) does not exclude extrinsic evidence of specific conduct when that evidence is used for purposes other than impeachment, such as evidence of bias, motive, or intent, under rule 404(b).  See 4 Weinstein's Federal Evidence, § 608.20[3][b] (2012).

Defendant's argument is as follows.  Because the burden is on defendant to prove his duress defense, demonstrating his credibility as a witness at trial will be pivotal to carrying this burden.  Of course, any evidence that tends to corroborate what defendant will say at trial is relevant to this credibility determination, but admissibility is another question entirely.  For example, defendant argues that because his duress defense is related to threats to his family, the jury would question defendant's credibility if no one from his family testified.  In addition, defendant's profession and work schedule are relevant to demonstrating how he came to be at the docks with the drug smugglers in the first place.  Defendant does not argue which rule, if any, allows this sort of evidence to be admitted, but this evidence is clearly not admissible under Rule 608(b).

Crucially, none of defendant's proposed declarants are percipient witnesses to any of the events that comprise defendant's duress defense.  At best, these witnesses can testify as to defendant's typical routine, his family in Ensenada, and his career as a fisherman.  The witnesses could likely establish that defendant had a reason to be at the docks on the day he left with the panga boat, that he normally returned after a day of fishing, and that he had a stable existence in Ensenada not related to any illicit activities.  All of this evidence, if true, appears more likely to be used for character inferences—that defendant is not the "type of person" who would commit this sort of crime, at least absent duress—than for permissible evidentiary inferences related to defendant's intent or motive on the day in question.  Presumably, defendant could argue that this evidence somehow demonstrates the absence of any motive on defendant's part to join in the alleged criminal enterprise, but motive is unlikely to be at issue here.  What matters is direct and circumstantial evidence that defendant was subjected to and acted because of duress, based on a true threat to him or his family; whether he was unlikely to join in a smuggling operation does not affect this determination.

## III.  CONCLUSION

Defendant has made a sufficient showing that limited portions of the expected testimony will be favorable.  More problematically, because much of the potential declarants' testimony is likely inadmissible, the Court does not see how this testimony could be favorable to defendant—testimony that never reaches the jury cannot be favorable to the movant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA              O

## CRIMINAL MINUTES - GENERAL

In accordance with the foregoing and the proceedings held on October 16, 2012, at which parties and defendant were present, the Court hereby GRANTS in part and DENIES in part defendant's motion, and ORDERS as follows: Counsel for defendant may take the deposition of Josue Modesto Sanchez Ramirez and elicit evidence of defendant Sanchez Galindo's reputation for truthfulness, as well as the facts pertaining to the actions Josue took when defendant Sanchez-Galindo failed to return home on the date he went to load the panga boat.

Questions related to all daily life activities set forth in defendant Sanchez Galindo's proffer shall not be the subject of any examination.

IT IS SO ORDERED.

                                                                00:00
                                                                 CMJ